869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James LONG, Plaintiff-Appellant,
v.
Richard P. SEITER; Arthur Tate, Jr., Supt.; Lt. Johnson;
Sgt. Draise; Sgt. Smith; Off. Chaffin; Ofc.
Carroll, Defendants-Appellees.
 No. 88-3572.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 James Long appeals the summary judgment for the defendant Ohio prison officials in this civil rights action filed under 42 U.S.C. Sec. 1983. Long alleged that defendants deprived him of his constitutional rights in connection with a prison disciplinary proceeding in which he was found guilty of being out of place and creating a disturbance. Specifically, Long alleged that defendants: (1) illegally searched his locker, (2) denied him due process at the disciplinary hearing, and (3) subjected him to cruel and unusal punishment.
 
 
 4
 First, plaintiff's claim that defendants illegally searched his locker is without merit because plaintiff enjoys no expectation of privacy in his cell. See Hudson v. Palmer, 468 U.S. 517, 522-30 (1984). It is undisputed that defendants opened the locker only after plaintiff refused to pack his belongings for his transfer to solitary. Thus, defendants committed no violation of plaintiff's rights under either the fourth or eighth amendments. See Hudson, 468 U.S. at 530. Further, plaintiff's claim that some of his property is missing is barred because he failed to plead and prove that his state court remedies are inadequate to redress this deprivation. See Hudson, 468 U.S. at 530-33.
 
 
 5
 Plaintiff's claim that he was deprived of due process is without merit. The testimony of the reporting corrections officer constitutes "some evidence" as required by due process. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Further, the disciplinary committee's refusal to call two witnesses was permissible because one witnesses' testimony would have been repetitive and the other was not requested by plaintiff. See Ponte v. Real, 471 U.S. 491, 495-99 (1985).
 
 
 6
 Finally, plaintiff's claim that his sentence of fifteen days in segregation and loss of merit status was cruel and unusual is without merit. Even if plaintiff had liberty interests in remaining free from segregation and in his merit status, plaintiff was accorded due process before he was deprived of them. See Wolff v. McDonnell, 418 U.S. 539, 557-67 (1974). Finally, the discipline imposed is not so severe that it could be seen as cruel and unusual.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation